# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN FELIX,<br><br>          Petitioner,<br><br>    v.<br><br>ROBERT NUESCHID,<br><br>          Respondent. | Case No. 1:19-cv-01280-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER LEAVE TO CONVERT HABEAS PETITION TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving an indeterminate sentence of fifty years to life for first-degree murder. (ECF No. 1 at 10).[1] On September 3, 2019, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1). On September 13, 2019, the United States District Court for the Central District of California transferred the petition to this Court. (ECF No. 4).

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

In the petition, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of distribution of a controlled substance and penalized with a 180-day loss of custody credit, mandatory Narcotics Anonymous attendance, and revocation of various other privileges. (ECF No. 1 at 11). Petitioner asserts the following claims for relief: (1) insufficient evidence to support the finding of guilt; and (2) violation of Petitioner's right to call witnesses. (ECF No. 1 at 5).

## II.

## DISCUSSION

### A. Federal Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, Petitioner challenges a prison disciplinary proceeding in which he was found guilty and was penalized with a 180-day loss of custody credit. However, Petitioner is serving an indeterminate sentence, and thus, success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement because expungement of the challenged disciplinary violation and restoration of any lost credits would not necessarily lead to a grant of parole. See Nettles, 830 F.3d at 935 (noting that under California law, the parole board must

2

consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it). Moreover, because Petitioner was convicted of first-degree murder, he is not entitled to accrue credits against his sentence. See Patkins v. Holland, 691 F. App'x 494, 494 (9th Cir. 2017) (citing Cal. Penal Code § 2933.2).

Based on the foregoing, the Court finds that Petitioner's claims are not cognizable in federal habeas corpus.

**B. Conversion to § 1983 Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, the filing fee for § 1983 civil rights cases is $350. Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1).[2]

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

///

///

---

[2] The Court notes that Petitioner has been authorized to proceed in forma pauperis in this case. (ECF No. 7).

3

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Petitioner be granted leave to convert the petition to a civil rights action under 42 U.S.C. § 1983.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 16, 2019**__

UNITED STATES MAGISTRATE JUDGE